IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DEAN | : | CIVIL ACTION No. 08-384 |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, et al. | : | |

MEMORANDUM AND ORDER

**HON. NORMA L. SHAPIRO, J.**                                      December 26, 2008

Michael Dean, a *pro se* litigant incarcerated at the State Correctional Institute at Waynesburg, Pennsylvania, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Lynne Sitarski filed a Report and Recommendation ("R&R") recommending the petition be denied. The R&R will be adopted and the petition will be denied.

**I.   BACKGROUND**

On June 21, 1983, following a jury trial in the Lehigh County Court of Common Pleas, Michael Dean was convicted of first degree murder, theft and receipt of stolen property. Commonwealth of Pennsylvania v. Dean, Case No. 39-258-1983, Verdict Slip (Lehigh County Court of Common Pleas, Doc. No. 23). Dean was sentenced to life imprisonment and his direct appeal was unsuccessful. Commonwealth v. Dean, 564 A.2d 1002 (Pa. Super. Ct. 1989) (table). The Pennsylvania Supreme Court denied Dean's request for discretionary review on May 2, 1990. Commonwealth v. Dean, 578 A.2d 926 (Pa. 1990) (table).

At trial, Dean had accused the victim's husband of committing the murder and claimed to have witnessed, but not participated in, the killing. See Case No. 39-258-1983, N.T. pp. 995-1011, 6/17/83 (Lehigh County Court of Common Pleas, Doc. No. 122) (testimony of Michael

1

Dean). The Commonwealth presented evidence that Dean had acted alone. See Case No. 39-258-1983, N.T. p. 692, 6/15/83 (Lehigh County Court of Common Pleas, Doc. No. 122) (testimony of David Briggs, the victim's husband). Certain physical evidence recovered from the crime scene was also inculpatory, although not conclusive of Dean's guilt. In particular, a stain found on the victim's skirt was identified as Type A blood. Case No. 39-258-1983, N.T. p. 525, 6/14/83 (Lehigh County Court of Common Pleas, Doc. No. 122). The jury was told that the victim had Type O blood, but both Dean and the victim's husband had Type A blood. Id. at 482, 534-37.

On March 13, 1992, Dean filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, *et seq*. Dean, challenging the prosecution's use of forensic evidence at trial, claimed that DNA testing, not available in 1983, would show that hair and blood matter recovered from the crime scene were not his own and belonged to the person who actually killed the victim. The trial court granted the petition and ordered the Commonwealth to make the evidence available for DNA testing at Dean's expense. Case No. 39-258-1983, Order, 6/1/92 (Lehigh County Court of Common Pleas, Doc. No. 94).

On December 7, 2000, Dean filed a second PCRA petition. Claiming he could not afford the cost of DNA testing, Dean sought an order requiring the Commonwealth to bear the expense. The Commonwealth did not object and the trial court granted Dean's petition. Case No. 39-258-1983, Order, 12/4/01 (Lehigh County Court of Common Pleas, Doc. No. 112). The DNA test results showed the hair sample found on the victim's elbow belonged to the victim. See Mitotyping Technologies Report, filed 1/24/02 (Lehigh County Court of Common Pleas, Doc. No. 113). Counsel for Dean conceded that the test results were not exculpatory. Case No. 39-

258-1983, N.T. p.5, 2/26/02 (Lehigh County Court of Common Pleas) ("I don't think they bear it [sic] on the guilt or innocence of Mr. Dean.").

Dean had hoped to conduct DNA testing of the blood-stained skirt, but it could not be located despite a comprehensive search by the Allentown Police Department. Commonwealth v. Dean, Case No. 39-258-1983, Slip op. at 3-4 (Lehigh County Court of Common Pleas, May 8, 2002). At a hearing on Dean's second PCRA petition, Dean's counsel asked the court to infer bad faith from the disappearance of this evidence and requested a new trial. Id. at 5. The court denied Dean's request. Case No. 39-258-1983, Order, 5/9/02 (Lehigh County Court of Common Pleas, Doc. No. 118). The Superior Court, explaining that Dean had known the skirt was lost in 1992 but failed to file a claim until 2000, found the petition untimely and affirmed. Commonwealth v. Dean, Case No. 1935 EDA 2002, Slip op. at 3-4 (Pa. Super. Ct. May 28, 2003).

Dean's third PCRA petition seeking DNA testing of all remaining physical evidence was denied without opinion. Case No. 39-258-1983, Order, 12/26/07 (Lehigh County Court of Common Pleas, Doc. No. 118). Dean did not appeal.

## II. DEAN'S HABEAS PETITION

Dean filed the instant petition for writ of habeas corpus on January 17, 2008 and asserted three grounds for relief: (1) the conviction was "obtained by unconstitutional failure to disclose evidence favorable to Defendant;" (2) the prosecution offered expert testimony about blood recovered from the crime scene without determining whether the blood was Type A+ or Type A- and such testing "could have exonerated Defendant at onset had blood came back anything other

than Defendant's;" and (3) ineffective assistance of counsel at all stages of the proceedings.[1] Magistrate Judge Sitarksi filed an R&R recommending the petition be denied as untimely.

Dean filed objections claiming: (1) ineffective assistance of counsel; (2) unlawful interrogation by police and detectives; (3) denial of right to counsel during police interrogation; (4) ineffective assistance of counsel (continuation of objection no. 1); (5) ineffective assistance of trial counsel for failure to object to erroneous jury instructions; (6) insufficiency of evidence to support a conviction of first degree murder; (7) "Petitioner had requested numerous items used against him as evidence at trial to be DNA tested, only 2 hairs were tested;" (8) the results of DNA tests performed in 2002 exonerated him; (9) violation of due process based on the Commonwealth's failure to preserve exculpatory evidence; (10) violation of due process based on the Commonwealth's failure to test the Rh factor of blood found at the crime scene; (11) violation of due process (continuation of objection no. 10); (12) the trial was unfair because the prosecution played a tape of Dean's interrogation and provided each juror with a transcript containing an inflammatory and prejudicial transcription error; (13) the evidence was insufficient to support a conviction of theft and receipt of stolen property; (14) ineffective assistance of trial counsel for failure to object to testimony by a Commonwealth witness who "alluded to yet another cheap attempt by the district attorney to try petitioner of a crime, not charged to him, nor committed;" and (15) "Petitioner avers his PCRA petition was not time barred, strengthened by the fact Commonwealth opted to allot $6,500 for DNA testing, had Petitioner truly been time barred surely Commonwealth wouldn't have cost taxpayers $6,500 for requested testing."

---

[1] Dean also filed a request to proceed *in forma pauperis*; it was denied as moot because he tendered the $5 filing fee. Dean filed two subsequent requests to proceed *in forma pauperis*; both requests were denied without prejudice.

### III.   DISCUSSION

This court has jurisdiction over applications for writs of habeas corpus. 28 U.S.C. § 2241(a). A district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C).

### A.   Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for filing a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latter of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §§ 2244(d)(1)(A) and (D). To avoid retroactive application of AEDPA, effective April 24, 1996, the Third Circuit Court of Appeals has held that "habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit." Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted against the limitations period. 28 U.S.C. § 2244(d)(2).

Dean's conviction became final July 31, 1990, upon expiration of his right to file a petition for writ of certiorari with the United States Supreme Court. The factual predicate for Dean's claim based on the Commonwealth's failure to preserve exculpatory evidence was discoverable, and indeed discovered by Dean, in 1992. Dean's time to assert federal claims based on his original conviction and the state's failure to preserve allegedly exculpatory DNA

5

evidence expired one year after the effective date of AEDPA, on April 23, 1997.

Dean's first PCRA petition was timely filed March 13, 1992. AEDPA tolls the limitations period while properly filed collateral relief claims are pending in state court, but here the tolling would have ended when Dean's first PCRA petition was granted on June 1, 1992.

Dean's second and third PCRA petitions, filed in 2000 and 2007, respectively, do not toll the limitations period under 28 U.S.C. § 2244(d)(2) because they were not properly filed in state court. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("[I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'"); Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003) ("An untimely [state] petition does not toll AEDPA's statute of limitations."). Under state law, a PCRA petition must be filed within one year of the date the judgment becomes final unless "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Claims under this exception must be "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The Pennsylvania Superior Court held that Dean's second PCRA petition was untimely because he learned that the skirt had been lost in 1992 and failed to file a claim until 2000. Commonwealth v. Dean, Case No. 1935 EDA 2002, Slip op. at 4 (Pa. Super. Ct. May 28, 2003). Dean's third PCRA petition, which expanded on claims raised in his second PCRA petition, was untimely filed in 2007.

The instant petition, filed January 17, 2008, is untimely because the statute of limitations

for all of Dean's claims expired on April 23, 1997.[2]

## B.     Equitable Tolling Based on Dean's Claim of Actual Innocence

Because Dean claims he is actually innocent, we consider whether it would be unfair to dismiss his petition as untimely. AEDPA's statute of limitations is not jurisdictional and is generally subject to equitable tolling. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998). "[E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (citations and quotations omitted).

The Third Circuit Court of Appeals has "yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence." Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006).[3] In Horning, the court declined to apply equitable tolling because the

---

[2] Objection numbers 2, 3, 6, 7, 12, and 13 assert claims that were not raised in Dean's initial habeas petition. A habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rules Governing Section 2254 Cases, Rule 2. "[A] district court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the statute of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." Anderson v. Pa. AG, 82 Fed. Appx. 745, 751 (3d Cir. 2003).
   Objection numbers 2, 3, 6, 7, 12, and 13 assert entirely new theories of relief and do not relate back to the initial petition; they cannot be considered amendments to Dean's untimely initial petition. Moreover, had Dean raised these claims in his initial petition, they would have been untimely. Dean unsuccessfully asserted these claims in state court and failed to file a habeas petition within the limitations period.

[3] The Courts of Appeals for the Fifth, Sixth, Seventh, Eighth and Tenth Circuit have held that claims of actual innocence may toll AEDPA's limitations period. Felder v. Johnson, 204

petitioner failed to pursue his claim of actual innocence diligently.  Horning, 197 Fed. Appx. at 94 ("[E]ven assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, [petitioner's] claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim.").

There is no equitable tolling here for two independent reasons.  First, Dean failed to pursue his claim of actual innocence with diligence.  His claim is based on the speculative possibility that DNA testing of forensic evidence, now unavailable, might reveal exculpatory evidence.  Dean learned that the blood-stained skirt he had hoped to test was unavailable in 1992 and failed to pursue this claim in state court until 2000.  Having waited eight years to assert his rights, Dean presents no evidence that something extraordinary prevented him from filing an earlier claim.

Second, even if further DNA testing were possible, it would not lead to Dean's exoneration.  The jury convicted Dean despite expert testimony that the blood matched both Dean's and the victim's husband's.  Since Dean admits being present at the time of the murder, proof that hair and blood recovered from the crime scene were not his own would not compel a different verdict.  Nor would discovery of the victim's husband's blood on the victim's skirt require the inference that the victim's husband was not only present at the crime scene but

---

F.3d 168, 171 & n.8 (5th Cir. 2000); Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005); Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004), cert. denied, 543 U.S. 1168, 161 L. Ed. 2d 144 , 125 S. Ct. 1348 (2005); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  The First Circuit Court of Appeals has held that claims of actual innocence do not toll AEDPA's limitations period.  David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003).

committed the murder. See Commonwealth v. Dean, Case No. 39-258-1983, Slip op. at 6-7 (Lehigh County Court of Common Pleas, May 8, 2008) (discussing other reasonable explanations that would not exonerate Dean).[4] Were the Third Circuit to accept actual innocence as a basis for equitable tolling, it would require more than the speculative claim of innocence presented here.

### IV.    CONCLUSION

Dean's objections to the Magistrate Judge's Report and Recommendation are overruled. The Report and Recommendation is adopted and the petition for writ of habeas corpus is denied as untimely. Dean's claim of actual innocence is without merit and does not warrant equitable tolling of the statute of limitations. An appropriate order will follow.

---

[4] The trial court explained:

> According to Defendant, if a DNA test revealed that the blood on the skirt was not a match with his own, he would be entitled to a new trial. But the absence of such a match is not, in and of itself, exculpatory. Even assuming *arguendo* that a DNA test of the skirt would establish that the blood did not belong to Defendant or to the victim, this would not necessarily have changed the outcome of the trial. There is no way of determining when or how the blood spot came to be on the victim's skirt. There are many possibilities, some of which do not bear on Defendant's guilt or innocence. The blood could have been from a third person with whom Diane Briggs had been in contact prior to the homicide. Mrs. Briggs' husband, who Defendant claims is the guilty party, is not available for a blood sample to determine if his blood is a DNA match. Furthermore, her husband may have innocently had contact with her prior to the murder, so that the presence of a spot of blood on the skirt would not be conclusive proof of his guilt. Therefore, even if the skirt were available for DNA analysis, Defendant has failed to establish that DNA testing would have definitely established his innocence.

Commonwealth v. Dean, Case No. 39-258-1983, Slip op. at 7 (Lehigh County Court of Common Pleas, May 8, 2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL DEAN** | : | **CIVIL ACTION No. 08-384** |
| | : | |
| v. | : | |
| | : | |
| **LOUIS FOLINO, et al.** | : | |

**ORDER**

AND NOW, this 26th day of December, 2008, upon consideration of the petition for writ of habeas corpus (paper no. 1), the Report and Recommendation of United States Lynne A. Sitarski (paper no. 14) and petitioner's objections thereto (paper no. 21), it is **ORDERED** that:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**.

2.  Petitioner's objections to the Report and Recommendation are **OVERRULED**;

3.  The petition for writ of habeas corpus is **DENIED**;

4.  There is no basis for the issuance of a certificate of appealability.

      /s/ Norma L. Shapiro
      J.